STATE OF WEST VIRGINIA

*v.*

HAMPTON SHERMAN

(No. 13980)

Decided November 20, 1979.

*Harry A. Smith, III, W. Del Roy Harner* for Sherman.

*Chauncey H. Browning,* Attorney General, *Frances W. McCoy,* Assistant Attorney General, for the State.

PER CURIAM:

On July 11, 1977, this Court granted Hampton Sherman's petition for a writ of error and supersedeas to a final judgment of the Circuit Court of Tucker County. On August 7, 1976, a jury found the appellant guilty of delivery of a controlled substance and the court sen-

tenced him to one to five years incarceration. The final judgment appealed from denied appellant's motion for a new trial.

This appeal raises two issues: Did the circuit court err when it ruled two of appellant's witnesses were disqualified from testifying at trial because they had inadvertently remained in the courtroom in violation of the court's sequestration order? Did the appellant have effective assistance of counsel? We conclude the trial court erred when it ruled appellant's two witnesses were disqualified from testifying. We find it unnecessary to reach the second point raised. The State confesses that error was committed by the trial court when it ruled the witnesses were disqualified from testifying.

There were a number of witnesses present in the courtroom on the day of appellant's trial. Most were there under subpoena, but appellant's wife and father had come there voluntarily to testify in the appellant's behalf. At the commencement of the proceedings all subpoenaed witnesses were sworn, and upon joint motion of the parties were sequestered. The appellant's wife and father inadvertently remained in the courtroom and heard a part of the State's case in chief before their presence was discovered. The court ruled that they would not be permitted to testify.

This Court first addressed such a situation in the case of *Gregg v. State,* 3 W. Va. 705 (1869). In Syl. pt. 2 of that case, we held: Where a witness has been sworn and sent out, and by accident or design comes into the courtroom during the progress of the trial, he is not, for that reason, to be excluded, but it is matter going to his credit with the jury, of which they should be sole judges, under the circumstances.

When the issue next came before the Court a similar result was reached:

"It is well settled in this State that when an order is made separating the witnesses at the trial of a case, if a witness in violation of the

order remains in or returns to the courtroom, and hears the testimony of other witnesses, he is not thereby rendered incompetent as a witness." Syl. pt. 2, *State v. Stewart,* 63 W. Va. 597, 60 S.E. 591 (1908).

Later, an element of discretion was vested in the trial court. *State v. Wilson,* ____ W. Va. ____, 207 S.E.2d 174 (1974). In *Wilson* we held the trial court did not abuse its discretion by prohibiting the testimony of witnesses violating a sequestration order because the testimony was cumulative and to be used in rebuttal.

In the instant case the record indicates appellant's wife and father would have testified in the case in chief; their testimony would not have been cumulative, and would have provided the only corroboration for the defendant's testimony establishing an affirmative factual defense. Under these circumstances it was an abuse of discretion for the trial court to prohibit their testimony.

The appellant's wife and father should have been permitted to testify, and the jury should have been instructed that in assessing the witnesses' testimony they could consider the presence of the witnesses in the courtroom and their opportunity to hear some of the State's evidence. We conclude the trial court erred in ruling the appellant's wife and father were disqualified from testifying. We reverse the final judgment and remand the case for a new trial.

*Reversed and remanded.*